NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GREENMAN-PEDERSEN, INC., <br><br> Plaintiff, <br><br> v. <br><br> BEAZLEY INSURANCE COMPANY, INC., <br><br> Defendant. | Civil Action No.: <br> 11-1811 (PGS) <br><br> MEMORANDUM & ORDER |

SHERIDAN, U.S.D.J.

This case comes before the Court on defendant Beazley Insurance Company, Inc.'s ("Beazley") motion to dismiss [Docket Entry No. 8] and plaintiff Greenman-Pedersen, Inc.'s ("GPI") cross motion to amend its complaint [Docket Entry No. 12]. The Court has subject matter jurisdiction on the basis of diversity. *See* 28 U.S.C. § 1332; Compl. ¶¶ 1-2. For the reasons stated below, Beazley's motion is denied and GPI's motion is granted in accordance with this memorandum.

I

This is an action for equitable contribution and unjust enrichment stemming from settlement payments that GPI made to Railroad Construction Company ("RCC") for alleged design errors and deficiencies in land surveying and engineering. According to GPI, the settlement had been reached in a contract action that proceeded as follows: The New Jersey Department of Transportation ("NJDOT") contracted with GPI to engineer and design a truck weigh station as part of a roadway improvement project on Interstate 78 in Hunterdon and Warren Counties (the "Design Contract").

Importantly, the Design Contract required GPI to defend and indemnify GPI's subcontractors' errors and omissions. In connection with the Design Contract, GPI hired Keller & Kirkpatrick, Inc. ("K&K"), a subsidiary of GPI, to perform certain field surveys and drawing preparation. Separately, NJDOT contracted with RCC to construct the weigh station (the "Construction Contract"). After constructing the weigh station, RCC made a claim against NJDOT for $57 million in project overruns resulting from, among other things, design errors and deficiencies. NJDOT then asserted a claim against GPI, and all three parties (NJDOT, RCC, and GPI) entered meditation as required under the Design Contract and the Construction Contract. During the course of mediation, RCC disclosed that many of the alleged overruns resulted from K&K's alleged negligence.

At the time of mediation, CNA insured GPI for $2 million in "professional liability insurance coverage" subject to a $500,000 self-insured retention ("SIR"),[1] and Beazley insured K&K for $1 million for the alleged negligence. According to GPI, each of the parties and their insurers were given notice of their potential liability. Eventually, GPI entered into a $ 1.95 million settlement with RCC, securing a release from liability for both GPI and K&K.[2] In connection with the settlement, CNA paid $1.45 million, GPI paid $500,000. K&K and/or Beazley paid nothing. GPI brought this action to recover part of their SIR from Beazley under theories of equitable contribution or unjust enrichment.

On May 12, 2011, Beazley brought a motion to dismiss GPI's complaint for lack of standing

---

[1] A self-insured retention is "[t]he amount of an otherwise-covered loss that is not covered by an insurance policy and that [usually] must be paid before the insurer will pay benefits." Black's Law Dictionary 1482 (9th ed. 2009).

[2] According to GPI, NJDOT entered into a separate $14 million settlement with RCC.

and failure to state a claim upon which relief can be granted. On June 6, 2011, GPI filed a motion to amend their complaint in order to clarify the facts and the nature of the claims asserted against Beazley and include a third count for declaratory judgment. For their part, Beazley opposes GPI's motion and claims that, for the same reasons GPI's original complaint fails as a matter of law, GPI's amended complaint is futile.

II

When evaluating the sufficiency of claims on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court must apply the plausibility standard articulated by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). In *Twombly* and *Iqbal*, the Supreme Court stressed that a complaint will survive a motion under Rule 12(b)(6) only if it states "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

These authorities are also clear about what will not suffice: "a formulaic recitation of the elements of a cause of action," an "unadorned, the-defendant-unlawfully-harmed-me accusation," or "naked assertions devoid of further factual enhancement." *Id*. (quoting *Twombly*, 550 U.S. at 555, 57 (internal quotation marks omitted)). This Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. at 1950 (quoting *Twombly*, 550 U.S. at 1955) (internal quotation marks omitted)).

3

III

"As a general rule, the common law prohibits actions by a third party against an insurer absent some statutory or contractual provision permitting direct action." *Caldwell Trucking PRP Group v. Spaulding Composites, Co.*, 890 F. Supp. 1247, 1253 (D.N.J. 1995) (citing *Manukas v. The American Ins. Co.*, 237 A.2d 898, 900 (N.J. Super. App. Div. 1968)). Furthermore, in some instances where such actions are permitted, a third party may not assert the action in the absence of a judgment against a liable party. *Compare*, *Dransfield v. Citizens Cas. Co. of N.Y.*, 74 A.2d 304, 305 (N.J. 1950) (interpreting N.J.S.A. § 17:28-2 as requiring a third party to obtain a judgment against a liable party before asserting a direct action against the liable party's insurer) *with Cruz-Mendez v. ISU/Insurance Services of S.F.*, 722 A.2d 515, 530 (N.J. 1999) (interpreting N.J.S.A. 21:3-5 as authorizing a direct action against a surety in the absence of a judgment against the liable party).

In the instant matter, the common law prohibition of direct actions against insurers prevents GPI from proceeding against Beazley. There is no contractual privity between GPI and Beazley. *See generally* Compl. Beazley's contract is with K&K; and as best as can be deduced from the papers submitted, K&K and GPI operated as two separate companies during this transaction. *See id.* at ¶¶ 8-10. GPI does not claim that K&K has a corporate relationship with GPI that prevents GPI from pursuing a lawsuit against K&K; nor has it claimed that GPI and K&K have failed to observe the indicia of corporate separateness. *See generally* Compl; *cf. State, Dept. of Envtl. Prot. v. Ventron Corp.*, 468 A.2d 150, 164-54 (N.J. 1983) (discussing the prerequisites for piercing the corporate veil). Furthermore, GPI has not identified any statutory exceptions that would allow GPI to proceed directly against Beazley. Opp'n Br. 9-15. While GPI may have a cause of action against K&K, GPI

does not have standing to pursue a direct action against Beazley. *See Caldwell Trucking*, 890 F. Supp. at 1253.  Thus, Beazley's motion to dismiss must be granted.

Separately, GPI's cross motion to amend their complaint is granted in part and denied in part. Under Federal Rule of Civil Procedure 15(a)(2), the "court should freely give leave [to amend] when justice so requires. Fed. R. Civ. P. 15 (a)(2).  On June 6, 2011, GPI moved to amend their complaint and supplied a proposed amended complaint.  Importantly, GPI's proposed amended complaint is materially identical to their original complaint and asserts only direct causes of action against Beazley. *See generally* Am. Compl.  In their opposition brief, Beazley argues that GPI's proposed amended complaint is futile because it fails to state a claim upon which relief may be granted. Opp'n Br.  13-16.  For the reasons stated above, the Court agrees.  While amendments to pleadings are typically viewed with liberality, "[t]he trial court may properly deny leave to amend where the amendment would not withstand a motion to dismiss." *Massarasky v. Gen. Motors Corp.*, 706 F.2d 111, 124 (3d Cir. 1983).  Thus, the Court grants GPI's motion to amend the complaint, but it must set forth allegations and a party (K&K) who is not named as a defendant in the complaint.

## ORDER

This matter, having come before the Court on defendant  Beazley's motion to dismiss [Docket Entry No. 8] and plaintiff GPI's cross motion to amend its complaint [Docket Entry No. 12], and this Court having considered the parties' submissions without oral argument pursuant to Federal Rule of Civil Procedure 78; and for the reasons stated above;

5

IT IS on this 26th of March, 2012,

ORDERED that Beazley's motion to dismiss [Docket Entry No. 8] is granted without prejudice; and

ORDERED that GPI's motion to amend their complaint [Docket Entry No. 12] is granted in accordance with the above memorandum within thirty (30) days.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.